| | |
|---|---|
| 1 | HEATHER E. WILLIAMS, #122664 |
| | Federal Defender |
| 2 | LEXI P. NEGIN, #250376 |
| | Assistant Federal Defender |
| 3 | 801 I Street, 3rd Floor |
| | Sacramento, CA 95814 |
| 4 | Tel: 916-498-5700/Fax: 916-498-5710 |
| 5 | Attorney for Defendant |
| | SAMUEL LANIER |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:19-cr-0084 KJM |
| | ) | |
| Plaintiff, | ) | **STIPULATION TO VACATE STATUS** |
| | ) | **CONFERENCE AND REQUEST FOR** |
| vs. | ) | **BRIEFING SCHEDULE REGARDING** |
| | ) | **AMOUNT OF LOSS** |
| SAMUEL LANIER, | ) | |
| | ) | Date: July 12, 2021 |
| Defendant. | ) | Time: 9:00 a.m. |
| | ) | Judge: Hon. Kimberly J. Mueller |
| | ) | |

IT IS HEREBY STIPULATED by and between Phillip A. Talbert, Acting United States Attorney, through Veronica M.A. Alegría, Assistant United States Attorney, attorney for Plaintiff, and Heather Williams, Federal Defender, through Assistant Federal Defender, Alexandra P. Negin, attorneys for Samuel Lanier, that the video sentencing conference currently set for July 12, 2021, should be vacated until after the Court holds an evidentiary hearing regarding the loss amount. The parties further stipulate that the Court should approve of the following briefing schedule regarding the amount of loss in advance of sentencing. In support of this stipulation the parties submit:

1. Mr. Lanier pleaded guilty to a seven count Information alleging Major Fraud Against the United States [18 U.S.C. § 1031] on June 3, 2019. The offense involves Mr. Lanier's fraudulent billing practices relating to federal FEMA SAFER grants.

2. While the parties agreed about the offense conduct, the parties do not agree as to the ultimate amount of loss to be used for the sentencing guidelines and/or the amount of restitution.

3. The parties each have accounting experts who have calculated the amount of loss/restitution using differing methods. The parties have met and conferred on many occasions to see if an agreement could be reached. Despite the parties' best efforts, cooperative spirit in trying to reach an agreement, and sharing of reports and methods, the amount of loss and restitution remains disputed. In short, the parties believe the Court will need to determine the amount of loss and restitution.

4. During the PSR process, each party has submitted to the Probation Officer their expert reports and presented their views of this issue during the informal objections phase of the PSR scheduling. These different loss calculations result in different Sentencing Guidelines' calculations.

5. Rather than produce a final PSR informing the Court that the amount of loss is disputed, the probation officer has indicated that a final PSR cannot be produced until the Court determines the amount of loss. While the parties have pointed out that a final PSR would allow the parties to file formal objections and present the issue to the Court in that manner, the probation officer continues to express a preference to have the Court determine the amount of loss before the final PSR. Rather than continue to discuss this procedural point, the parties are amenable to structuring the sentencing schedule in the manner the probation officer prefers so that the case can move forward towards a final Sentence and Judgement, as there is currently no final PSR.

6. The government will present its loss analysis to the Court and request an evidentiary hearing, then defense counsel will formally dispute the loss amount and present its material disputes. The government's witnesses are not local and thus will need some notice for travel arrangements. The defense witness is local but will need to be scheduled in advance. The parties anticipate that the evidentiary hearing will last

approximately 3-4 hours. For these reasons, the parties are requesting that the Court specially set this case for an in person hearing on August 25, 2021.

7. The parties herein propose a briefing schedule and an in person specially set hearing date as follows:

Government Brief: August 2, 2021

Defense Brief: August 9, 2021

Government Reply: August 16, 2021

Hearing Date: August 25, 2021

A parties submit a further PSR and sentencing schedule can be set once the Court makes a determination about amount of loss, given that the probation officer desires to file the formal PSR only after the Court makes a loss determination.

Respectfully submitted,

DATED: July 8, 2021  HEATHER E. WILLIAMS
Federal Defender

/s/ Alexandra P. Negin
ALEXANDRA P. NEGIN
Assistant Federal Defender
Attorney for Defendant
SAMUEL LANIER

DATED: July 8, 2021  PHILLIP A. TALBERT
Acting United States Attorney

/s/ Veronica M.A. Alegría
VERONICA M.A. ALEGRÍA
Assistant United States Attorney
Attorney for Plaintiff

**O R D E R**

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing, adopts the stipulation in its entirety as its order.

The Court orders the status conference currently scheduled for July 12, 2021 be vacated, that the parties' briefing schedule is adopted, and that a hearing is specially set for August 25, 2021 at 9:00 a.m.

DATED: July 9, 2021

_____
CHIEF UNITED STATES DISTRICT JUDGE